IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 3:13-CR-466-M (05) |
| ) | |
| JORGE CALDERON-CANAS ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of referral dated December 30, 2015 (doc. 364), before the Court is the defendant's *Motion to Reduce Sentence under Residual Clause of the Armed Career, Career Criminal, Career Offender in the Light of Johnson v. United States, 135 S. Ct. 2551 (2015)*, received December 15, 2015 (doc. 363). Based on the relevant filings and applicable law, the motion should be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and **DISMISSED** without prejudice to refiling after the defendant's pending direct appeal is resolved.

**I.**

In 2015, Jorge Calderon-Canas ("Movant") pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and § 846 and was sentenced to 156 months of imprisonment. He filed a direct appeal to the United States Court of Appeals for the Fifth Circuit on May 4, 2015, and it is still pending. *See United States v. Jorge Calderon-Canas*, No.15-10417 (5th Cir. pending). His current motion to reduce sentence contends that he was sentenced as a career offender and should be resentenced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding that imposition of an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process).

**II.**

Section 2255 of Title 28 provides the primary means of collateral attack on a federal

sentence. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). It provides four grounds that justify relief for federal prisoners who challenge the nature, imposition or length of their sentence:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such sentence;

(3) the sentence was in excess of the maximum authorized by law, or;

(4) the sentence is otherwise subject to collateral attack.

Movant's contention that he was sentenced as a career offender and should be resentenced in light of *Johnson* falls within the purview of § 2255, and his motion is properly construed as a § 2255 motion.

**II.**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

The Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). District courts should not entertain a § 2255 motion while a direct appeal is pending because "'the disposition of the appeal may render the motion moot.'"

*United States v. Fantozzi*, 90 Fed. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F .2d 327 (5th Cir.1988)).

Movant's appeal remains pending before the Fifth Circuit. *See United States v. Jorge Calderon-Canas*, No.15-10417 (5th Cir. pending). This Court should not entertain his motion to vacate and should summarily dismiss it as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts without prejudice to re-filing once his conviction becomes final. *See Clay v. United States*, 537 U.S. 522, 525, 527 (2003) (a federal prisoner's conviction is final for purposes of limitations either when the Supreme Court denies a petition for certiorari or, if a petition for certiorari is not filed, when the time for filing a petition expires).[1]

### III. RECOMMENDATION

Movant's motion to reduce sentence (doc. 363) should be **CONSTRUED** as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and **DISMISSED WITHOUT PREJUDICE** to his right to file a § 2255 motion after the resolution of the pending direct appeal. The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this criminal case (doc. 363); (2) open a new § 2255 case for administrative purposes only; (3) file the post-judgment motion (doc. 363) as a § 2255 motion filed December 15, 2015, in that new case; (4)

---

[1] In *Castro v. United States*, 540 U.S. 375, 383 (2003), the Supreme Court held that a district court should not recharacterize a pro se post-conviction motion as a first § 2255 motion absent notice and warning to the defendant as to the consequences of that recharacterization. Here, however, there are no consequences to the recharacterization because a future § 2255 motion filed after Movant's direct appeal is resolved will not be subject to the restrictions imposed on second or successive motions. 28 U.S.C. § 2244(b)(3)(A). The *Castro* warning is not necessary unless Movant's § 2255 motion is not dismissed without prejudice. If it is not dismissed without prejudice based on the pending appeal, Movant should be advised that any § 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions, and he should be given the opportunity to withdraw the motion or amend the recharacterized motion so that the motion contains all of the grounds for relief that he believes he has available under § 2255.

directly assign the new case to the same District Judge and Magistrate Judge as in this criminal case; and (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge; the order accepting those Findings, Conclusions, and Recommendation; and the judgment in that new case.

**SIGNED this 7th day of March, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE